■ In the Matter of STEPHEN L. ALAIMO et al., Respondents, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. — Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Subsequent to petitioner's conviction for the crime of perjury in the first degree resulting from his testimony before a Grand Jury investigating abuses in the nursing home industry, respondents Commissioner of Health and Director of the Office of Health Systems Management sought to revoke and limit the operating certificates of certain nursing homes operated by petitioner. After hearing testimony the hearing officer concluded that petitioner's perjury conviction was not a "conviction in connection with any activity or program subject to the regulations, supervision or administration of the department" and recommended that the proceedings be dismissed. Notwithstanding such recommendation, respondent Berman, Director of the Office of Health Systems Management, on review, ordered that the operating certificates issued to petitioner for Aberdeen Nursing Home and Alaimo Nursing Home be revoked and that a limited operating certificate be issued to Kenneth Alaimo, the remaining shareholder of Flower City Nursing Home, for the operation of the facility, barring petitioner from participating in the management and operation of the facility. Upon application by petitioner to annul the order of respondent Berman, Special Term granted the petition, adopted the findings and conclusions of the hearing officer, and further found that respondents acted arbitrarily and capriciously in issuing the order complained of. The court further found that petitioner's perjury conviction was not a health-related felony. This was error. Overlooked by both the hearing officer and Special Term is the provision contained in section 2806 (subd 5, par [a]) of the Public Health Law relating to a felony conviction *"in connection* with any activity or program subject to the regulations, supervision, or administration of the department" (emphasis added). Petitioner contends that his conviction resulted solely from his appearance and conduct before the Grand Jury and is,

therefore, not an "activity or program subject to the regulations, supervision, or administration of the department." This argument would require a clearly not intended narrow and selective interpretation of article 28 of the Public Health Law and especially of section 2806 of that law. Furthermore, it overlooks the declared scope of the investigation conducted by the Special Grand Jury which indicted petitioner. The area of inquiry of this Special Grand Jury was alleged criminal activities in the nursing home industry in Monroe County and included, *inter alia,* the relationship between vendors and suppliers of goods and services to petitioner's facilities and particularly whether petitioner or his administrators and employees were engaged in the practice of offering, giving, soliciting and receiving kickbacks, cash payments, cash rebates and other benefits in violation of the Public Health Law. Petitioner's indictment and subsequent conviction, since affirmed *(People v Alaimo,* 74 AD2d 1004, application for lv to app den 50 NY2d 843), related directly to the matters under inquiry. Indeed, in view of petitioner's conviction, it is difficult to perceive how his false statements to the Special Grand Jury could be viewed as not relating to health care and abuses in the nursing home industry which were being investigated. Perjury in the first degree requires a showing of a sworn false statement through testimony which is material to the action, proceeding or matter in which the false statement is made (Penal Law, § 210.15). Whether or not a nursing home operator is involved in activities which violate the Public Health Law clearly involves matters "subject to the regulations, supervision, or administration of the department" (Public Health Law, § 2806, subd 5, par [a]). That petitioner was acquitted on 23 charges of substantive violation of the law is of no moment. Nor does the issuance of a certificate of relief from disabilities to petitioner prevent the action taken by respondents *(Matter of Springer v Whalen,* 68 AD2d 1011). The remaining issues raised by the petitioner have been reviewed and found to be without merit. (Appeal from judgment of Monroe Supreme Court, Siracuse, J. — art 78.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.